IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARGARET HELTON,<br><br>    Plaintiff,<br><br>  v.<br><br>STEAK N SHAKE, INC., ABC CORPORATIONS (1-3) and JOHN/JANE DOES (1-3),<br><br>    Defendants. | Civil Action File No. _____ |

**NOTICE OF REMOVAL**

COMES NOW Steak N Shake, Inc., appearing specially without waiving rights after being named as defendant, and files this notice of removal, respectfully providing the Court with the following facts as grounds for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Steak N Shake, Inc. as defendant in *Margaret Helton v. Steak N Shake, Inc., et al.*, Case Number 19-EV-002047, before the State Court of Fulton County, State of Georgia. Fulton County is within the Atlanta Division of this Court.

1

2.

It is believed that plaintiff is a resident of the State of Georgia as they gave an address in Georgia.

3.

For purposes of determining whether a civil actions is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1). *See Walker v. CSX Transp. Inc.,* 650 F.3d 1392, 1396 (11th Cir. 2011)(fictious defendants were not considered for diversity purposes even though fictitious defendants were likely Georgia residents); *Sticher v. Indymac Fin. Servs., Inc.,* No. 1:13-CV-3961-RLV, 2014 WL 12284024, at *1 (N.D. Ga. Jan. 27, 2014)(disregarding John Doe defendants for purposes of determining diversity of citizenship at removal). While plaintiff named fictional persons (John/Jane Does 1-3) and fictional corporations (ABC Corporations 1-3) in the complaint, such is disregarded.

4.

Defendant Steak N Shake Inc. is an Indiana corporation with a principal place of business in Indianapolis, Indiana.

5.

Defendant submits that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2). Where a pleading seeks an unspecified amount of damages, the defendant must show by "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996). *See also Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); 28 U.S.C. § 1332(c)(2). Settlement demands are evidence of the amount in controversy. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *Land Clearing Co., LLC v. Navistar, Inc.*, No. CIV.A. 11-0645-WS-M, 2012 WL 206171, at *4 (S.D. Ala. Jan. 24, 2012); *Benandi v. Mediacom Se., LLC,* No. CIV.A. 11-00498-CG-N, 2011 WL 5077403, at *2 (S.D. Ala. Sept. 30, 2011), report and recommendation adopted, No. CIV.A. 11-00498-CG-N, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011). Here, Plaintiff demanded $95,000 for the claims made in this complaint.

6.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by defendant pursuant to 28 U.S.C. §§ 1441 and 1446. As noted in the previous paragraph, this civil action is one in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and is between citizens of different states.

7.

Defendant has attached hereto copies of all pleadings and orders served upon them in this case as Exhibit "A".

8.

Defendant has given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this notice.

9.

Defendants has filed a written notice with the clerk of the State Court of Fulton County, a copy of which is attached as Exhibit "B".

10.

Defendant has attached hereto copies of all pleadings it has served in this case in the State Court of Fulton County as Exhibit "C".

WHEREFORE, defendant prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ G. Randall Moody
_____
G. RANDALL MOODY
Georgia Bar No. 517702
PAUL A. GROTE
Georgia Bar No. 248931

303 Peachtree Street NE,
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
rmoody@deflaw.com
pgrote@deflaw.com

**CERTIFICATE OF FONT COMPLIANCE**

Counsel for defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court: Courier New 12 Point.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL upon all parties concerned via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record:

>Travis J. Little, Esq.
>The Keener Law Firm
>640 Village Trace NE Suite 16-A
>Marietta, Georgia 30067

This 14th day of May, 2019.

>Respectfully submitted,
>
>DREW, ECKL & FARNHAM, LLP
>
>*/s/* G. Randall Moody
>
>G. RANDALL MOODY
>Georgia Bar No. 517702
>PAUL A. GROTE
>Georgia Bar No. 248931

303 Peachtree Street NE,
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
rmoody@deflaw.com
pgrote@deflaw.com

8806836/1
06190-132488