EXHIBIT A

State Court of Fulton County
**E-FILED**
19EV002047
4/16/2019 1:20 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

MARGARET HELTON,

        Plaintiff,

v.

STEAK N SHAKE, INC.;
ABC CORPORATIONS (1-3); and
JOHN/JANE DOES (1-3),

        Defendants.

CIVIL ACTION FILE NO.:

_____

---

### PLAINTIFF MARGARET HELTON'S COMPLAINT FOR DAMAGES
### AND DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff Margaret Helton, and by and through her undersigned counsel, files this Complaint against the above-named Defendants, and in support thereof, shows the Court as follows:

#### 1.

Plaintiff Margaret Helton (hereinafter "Plaintiff") is a citizen and resident of the state of Georgia. By bringing this action, she subjects herself to the jurisdiction and venue of this Court.

#### 2.

Defendant Steak N Shake, Inc. (hereinafter "Defendant Steak N Shake") is a foreign for-profit corporation formed under the laws of the state of Indiana, is duly registered to conduct business in the State of Georgia, and may be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

The true names or capacities of the Defendants named herein as ABC Corporations 1 through 3 and John/Jane Doe(s) 1 through 3 are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictitious names. Plaintiff will amend the Complaint to show said ABC Corporations' and John/Jane Doe(s)' true names when the same have been ascertained. Plaintiff alleges on information and belief that all ABC Corporations and John/Jane Doe(s) were negligent as described in detail below. Plaintiff also alleges that ABC Corporations were owners, operators, occupiers, agents, servants, employees, or representatives of one or more of the named Defendants at all times relevant to this Complaint.  Plaintiff also alleges that John Doe(s) were operators, occupiers, agents, servants, employees, or representatives of one or more of the named Defendants at all times relevant to this Complaint.

4.

Jurisdiction and venue are proper in this Court.

5.

On March 5, 2018, Defendant Steak N Shake owned, operated and/or managed a Steak N Shake restaurant located at 6575 Roswell Road, Sandy Springs, Fulton County, Georgia 30328 (hereinafter "the Restaurant").

6.

At all times mentioned herein, Defendant Steak N Shake owned, operated, controlled and/or managed the Restaurant.

[2]

PLTFDEMAND454

## SUBSTANTIVE FACTS

7.

On the afternoon of March 5, 2018, Plaintiff, her mother, and her aunt decided to get lunch at the Restaurant. Plaintiff was not familiar with the Sandy Springs area, but her aunt suggested they stop at this particular Steak N Shake restaurant and get something to eat before driving back home.

8.

Plaintiff and her family finished their lunch at some point between 2:00 and 3:00 p.m., and she got up to pay the check and began walking toward the register at the front of the restaurant.  As she did so, she stepped around the corner of a booth, and both of her feet flew out from under her as she fell onto the restaurant's tile floor. The fall happened so quickly that Plaintiff had no time to catch herself or even attempt to break her fall.

9.

Plaintiff struggled to get up and saw that the floor was sopping wet with dirty water left over from an employee mopping the area. Her clothes were wet and covered with dirt.  Several of the Restaurant's staff and another customer came over to help her, and at some point before she was assisted to her feet, she heard a Steak N Shake employee say "Get that water up off of the floor!"

10.

After the check was paid, Plaintiff wanted to go home immediately.  Later on after returning home, she called the Restaurant and spoke to a manager, who said someone from the

[3]

PLTFDEMAND455

company would get back to her.  She never heard back from anyone from Defendant Steak N Shake.

11.

Prior to Plaintiff's fall, there were no "caution" signs or any other warnings in the area where the incident at issue in this litigation occurred or the surrounding area to warn Plaintiff or other diners and guests in the Restaurant of the dangerous condition.

12.

At all times relevant hereto, Plaintiff was exercising reasonable care for her own safety.

13.

To the best of Plaintiff's knowledge, information and belief, the hazardous condition at issue was a wet floor. Said hazardous condition was well within the line of sight of several employees and/or agents of Defendant Steak N Shake.

14.

As a result of the incident at issue in this litigation, Plaintiff sustained a fractured pelvis, which caused extreme and disabling pain.

## COUNT I – LIABILITY OF DEFENDANT STEAK N SHAKE, INC.

15.

Plaintiff alleges that the aforesaid occurrence and the resulting injuries suffered by Plaintiff were proximately caused as a result of the negligence of Defendant Steak N Shake in that Defendant Steak N Shake maintained the Restaurant in a careless, reckless, negligent and dangerous manner.

[4]

PLTFDEMAND456

16.

At all times pertinent herein, Defendant Steak N Shake owned, managed, controlled, supervised, and/or otherwise maintained the Restaurant.

17.

At the time and place of the incident complained of herein, Defendant Steak N Shake owed a duty to its diners and guests in general, and Plaintiff in particular, to maintain the premises, including the floor in the area of the Restaurant where Plaintiff fell, in a reasonably safe condition, to correct dangerous conditions of which it knew or should have known, and to warn Plaintiff and others of any dangerous condition which it had, or should have had, knowledge greater than that of Plaintiff.

18.

As a proximate cause of the negligence of Defendant Steak N Shake, Plaintiff has suffered significant physical, mental, emotional and financial injuries, for which she is entitled to recover under the law. Defendant Steak N Shake is liable to Plaintiff for these injuries.

19.

Plaintiff sustained a fractured pelvis, which caused extreme and disabling pain, all directly and proximately caused by the aforesaid negligence of Defendant Steak N Shake.

20.

As a direct and proximate cause of the negligence of Defendant Steak N Shake, Plaintiff has incurred significant medical expenses to date.

[5]

PLTFDEMAND457

21.

As a direct and proximate result of the negligence of Defendant Steak N Shake, Plaintiff suffered severe mental distress from serious physical injury, and seeks recovery for the mental distress suffered by Plaintiff in an amount determined by the enlightened conscience of the jury at trial.

22.

At all times relevant hereto, Defendant Steak N Shake and its agents, servants and/or employees had actual knowledge of the hazardous condition on the floor of the Restaurant where Plaintiff fell, but failed to correct the situation where Defendant Steak N Shake had a duty to act.

23.

At all times relevant hereto, Defendant Steak N Shake and its agents, representatives, and/or employees had constructive notice that a hazardous condition existed on the floor of the Restaurant where Plaintiff fell, that the aforementioned hazard was not removed and was allowed to remain in a negligent and dangerous condition, and that Defendant Steak N Shake and its agents, representatives, and/or employees failed to act when they had a duty to do so.

24.

Defendant Steak N Shake was negligent in failing to correct, mark, remove or repair the defective and hazardous condition existing on the floor of the Restaurant, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

25.

Defendant Steak N Shake knew of, or by the exercise of due care for the safety of its invitees, including Plaintiff, should have known of the defective and hazardous conditions

[6]

PLTFDEMAND458

existing on its premises, and that the failure to correct, mark, remove, and/or repair said conditions was likely to result in the injuries suffered by Plaintiff.

26.

At all times relevant hereto, Defendant Steak N Shake and its agents, servants and/or employees were negligent as they failed to warn Plaintiff of the hazardous and dangerous conditions imminently perilous to Plaintiff and other invitees.

27.

Defendant was negligent *per se*.

28.

Defendant Steak N Shake was negligent, and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

    (a)    Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe, free from hazards which Defendant Steak N Shake knew or should have known;

    (b)    Violation of state and local building and safety codes for failure to properly provide a safe walkway in the Restaurant;

    (c)    Failing to implement and/or enforce policies and procedures that would have guarded against or prevented the subject incident and the injuries and damages to Plaintiff;

    (d)    Failing to properly inspect and maintain the Restaurant;

    (e)    Knowingly allowing its invitees to utilize an unsafe area of the Restaurant;

[7]

(f)    Failing to warn Plaintiff and other invitees of the dangerous condition that existed in and around the area of the Restaurant where Plaintiff fell on March 5, 2018 by posting warning signs or warning markings;

(g)    Failing to properly train and supervise the Restaurant's agents and/or employees in regard to the care of said premises;

(h)    Negligently retaining, entrusting, hiring, training and supervising the Restaurant's agents and/or employees;

(i)    Negligently supervising the operations of the Restaurant;

(j)    Vicarious liability; and

(k)    *Respondent superior* liability for the tortious acts and/or omissions of the Restaurant's employees and/or agents acting within the course and scope of their employment and/or agency for Defendant Steak N Shake.

29.

As a direct and proximate result of the tortious acts and/or omissions of Defendant Steak N Shake and/or its employees and/or agents working within the course and scope of their employment and/or agency, Plaintiff suffered injuries and damages.

30.

Defendant Steak N Shake is liable to Plaintiff for the damages Plaintiff suffered.

## COUNT II – LIABILITY OF DEFENDANT JOHN/JANE DOE 1

31.

Plaintiff alleges that the aforesaid occurrence and the resulting injuries to Plaintiff were proximately caused as a result of the negligence of Defendant John/Jane Doe 1 (hereinafter

[8]

"Defendant Doe 1"), in that Defendant Doe 1, in their capacity as a Restaurant manager, created a hazardous condition during the performance of their job duties and thus executed those duties in a careless, reckless, negligent and dangerous manner.

32.

At all times pertinent herein, Defendant Doe 1 was employed as a manager of the Restaurant and acting within the course and scope of his employment and/or agency with Defendant Steak N Shake.

33.

At the time and place of the incident complained of herein, and in his capacity as a manager of the Restaurant, Defendant Doe 1 owed a duty to the Restaurant's diners and guests in general and Plaintiff in particular to maintain the premises, including the area of the Restaurant where Plaintiff was injured, in a reasonably safe condition, to correct dangerous conditions of which they knew or should have known, and to warn Plaintiff and others of any dangerous condition which they had, or should have had, knowledge greater than that of Plaintiff. This includes the hazardous condition of the wet floor that caused injury to the Plaintiff.

34.

As a proximate cause of the negligence of Defendant Doe 1, Plaintiff has suffered significant physical, mental, emotional and financial injuries, for which Plaintiff is entitled to recover under the law.  Defendant Doe 1 is liable to Plaintiff for those injuries.

[9]

PLTFDEMAND461

35.

Plaintiff sustained a fractured pelvis in her fall at the Restaurant, which caused extreme and disabling pain, all directly and proximately caused by the aforesaid negligence of Defendant Doe 1.

36.

As a direct and proximate cause of the negligence of Defendant Doe 1, Plaintiff has incurred significant medical expenses and lost wages to date.

37.

As a direct and proximate result of the negligence of Defendant Doe 1, Plaintiff suffered severe mental distress from serious physical injury, and Plaintiff seeks recovery for the mental distress suffered by Plaintiff in an amount determined by the enlightened conscience of the jury at trial.

38.

At all times relevant hereto, Defendant Doe 1, in their capacity as a Restaurant manager, was actively negligent for allowing the hazardous condition at issue to remain on the floor provided by Defendant Steak N Shake for its diners and guests.

39.

At all times relevant hereto, Defendant Doe 1, in their capacity as a manager of the Restaurant, had actual knowledge that the hazardous condition at issue was allowed to remain in the area of the Restaurant where Plaintiff was injured, but failed to correct the situation where Defendant Doe 1 had a duty to act.

[10]

PLTFDEMAND462

40.

At all times relevant hereto, Defendant Doe 1, in their capacity as a manager of the Restaurant, was negligent as they failed to warn Plaintiff of the hazardous and dangerous condition of the premises imminently perilous to Plaintiff.

41.

Defendant Doe 1 is liable to Plaintiff on at least the following grounds:

(a)     Tortiously failing to provide for, oversee, inspect, or otherwise ensure that the area of the Restaurant where Plaintiff was injured was free from hazards of which they knew or should have known;

(b)     Tortiously allowing hazardous conditions to be present in the area of the store where Plaintiff was injured such that diners and guests, including Plaintiff, would be exposed to an unreasonable risk of physical harm in and around such area;

(c)     Tortiously failing to establish, adhere to, implement, conduct or follow reasonable safety procedures which would have discovered the existence of the hazardous conditions in the area of the Restaurant where Plaintiff was injured;

(d)     Tortiously failing to provide proper or adequate warnings of the hazardous conditions, the existence of which they knew or should have known of, in the area of the Restaurant where Plaintiff was injured;

(e)     Tortiously failing to supervise and/or train employees and/or agents working for or on behalf of Defendant Steak N Shake so that the area of the

[11]

PLTFDEMAND463

Restaurant where Plaintiff was injured would be reasonably safe for diners and guests, including Plaintiff;

(f)     Tortiously failing to remedy a known hazard (or a hazard that should have been known by Defendant Steak N Shake and/or its employees and/or agents) in the area of the Restaurant where Plaintiff was injured; namely, the wet and slippery floor, and/or other hazardous conditions on March 5, 2018.

42.

As a direct and proximate result of the tortious acts and/or omissions of Defendant Doe 1 and/or employees and/or agents under their direction or control, and working within the course and scope of their employment and/or agency, Plaintiff suffered excruciating pain and debilitating damages as set out above, for which Plaintiff is entitled to recover under the law.

## COUNT III – LIABILITY OF DEFENDANT JOHN/JANE DOE 2

43.

Plaintiff alleges that the aforesaid occurrence and the resulting injuries to Plaintiff were proximately caused as a result of the negligence of Defendant John/Jane Doe 2 (hereinafter "Defendant Doe 2"), in that Defendant Doe 2, in their capacity as an employee and/or agent of Defendant Steak N Shake, created a hazardous condition during the performance of their job duties and thus executed those duties in a careless, reckless, negligent and dangerous manner.

44.

At all times pertinent herein, Defendant Doe 2 was acting within the course and scope of their employment and/or agency with Defendant Steak N Shake.

[12]

45.

At the time and place of the incident complained of herein, Defendant Doe 2 owed a duty to Plaintiff to exercise reasonable care for the safety of others: commensurate with that duty, under the facts and circumstances of this case, Defendant Doe 2 had an obligation to correct dangerous conditions of which they knew or should have known, and to warn Plaintiff and others of any dangerous condition which they had, or should have had, knowledge greater than that of Plaintiff.

46.

As a proximate cause of the negligence of Defendant Doe 2, Plaintiff has suffered significant physical, mental, emotional and financial injuries, for which Plaintiff is entitled to recover under the law. Defendant Doe 2 is liable to Plaintiff for those injuries.

47.

Plaintiff sustained a fractured pelvis which caused extreme and disabling pain, all directly and proximately caused by the aforesaid negligence of Defendant Doe 2.

48.

As a direct and proximate cause of the negligence of Defendant Doe 2, Plaintiff has incurred significant medical expenses to date.

49.

As a direct and proximate result of the negligence of Defendant Doe 2, Plaintiff suffered severe mental distress from serious physical injury and seeks recovery for the mental distress suffered by Plaintiff in an amount determined by the enlightened conscience of the jury at trial.

[13]

PLTFDEMAND465

50.

At all times relevant hereto, Defendant Doe 2 was actively negligent for creating and allowing the hazardous condition at issue to remain on the floor of the Restaurant.

51.

At all times relevant hereto, Defendant Doe 2 had actual knowledge that the hazardous condition at issue was allowed to remain on the floor of the Restaurant where Plaintiff fell, but failed to correct the situation where Defendant Doe 2 had a duty to act.

52.

At all times relevant hereto, Defendant Doe 2 was negligent as they failed to warn Plaintiff of the hazardous and dangerous condition of the premises created by Defendant Doe 2 and imminently perilous to Plaintiff.

53.

Defendant Doe 2 is liable to Plaintiff on at least the following grounds:

    (a)    Tortiously failing to provide for and ensure a reasonably safe floor in the area of the Restaurant where Plaintiff fell, free from hazards of which they knew or should have known;

    (b)    Tortiously allowing hazardous conditions to accumulate or be present on the floor in the area of the Restaurant where Plaintiff fell such that Plaintiff was exposed to an unreasonable risk of physical harm in and around such area;

[14]

(c)     Tortiously failing to provide proper or adequate warnings of the hazardous condition(s), the existence of which they knew or should have known of, on the floor of the Restaurant in the area where Plaintiff fell;

(d)     Tortiously failing to remedy a known hazard on the floor in the area where Plaintiff fell; namely, the water on the floor of the Restaurant, and/or other hazardous conditions on March 5, 2018;

(e)     Tortiously failing to exercise reasonable care for the safety of the Plaintiff and others whom Defendant Doe 2 knew or should have known were or would be in the vicinity of the known hazard on the floor of the Restaurant on March 5, 2018.

54.

As a direct and proximate result of the tortious acts and/or omissions of Defendant Doe 2, Plaintiff suffered excruciating pain and debilitating damages as set out above, for which Plaintiff is entitled to recover under the law.

**DAMAGES CLAIMED**

55.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred general damages against Defendants for all elements of the pain and suffering, physical and mental injury, loss of the capacity for the enjoyment of life, and injury which Plaintiff endured in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial.

[15]

PLTFDEMAND467

56.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries for which she received medical treatment, and thus Plaintiff has incurred special damages in the form of medical expenses and lost wages in an amount which reflects the reasonable value of those expenses as determined by the enlightened conscience of an impartial jury at trial.  Plaintiff is entitled to reimbursement for the same.

57.

Defendants are liable to Plaintiff for the damages as set out above.

## ONE COMPLAINT

58.

All Counts in this Complaint for Damages incorporate, and by reference include, the paragraphs found in all other Counts and portions of this Complaint.

## PRAYER FOR RELIEF

59.

WHEREFORE, Plaintiff prays for the following relief:

(a)    That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

(b)    That Plaintiff have a trial by a jury on all issues so triable;

(c)    That the Court enter judgment in favor of Plaintiff and against Defendants;

(d)    That the Court enter judgment in favor of Plaintiff and against Defendants for general and special damages as described herein in an amount to be determined by the enlightened conscience of the jury;

[16]

(e)     That Plaintiff recover all compensatory damages for the liability of Defendants claimed in the paragraphs above, and any other damages authorized by Georgia law under the evidence adduced at trial;

(f)     That Plaintiff be awarded the costs of this action;

(g)     That Plaintiff be awarded attorneys' fees and expenses of litigation in accordance with O.C.G.A. § 13-6-11;

(h)     That Plaintiff be awarded any such other and further relief that the Court or jury deems just and equitable.

Respectfully submitted, this 16th day of April, 2019.

THE KEENER LAW FIRM


/S/   TRAVIS J. LITTLE
Georgia State Bar No. 568411
*Counsel for Plaintiff*

640 Village Trace NE, Suite 16-A
Marietta, Georgia 30067
Telephone:  (770) 955-3000
Facsimile:  (770) 955-3036
E-Mail: travis@keenerlaw.com

[17]

State Court of Fulton County
**E-FILED**
19EV002047
4/16/2019 1:20 PM
LeNora Ponzo, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

Margaret Helton c/o The Keener Law Firm

640 Village Trace NE, Suite 16-A

Marietta, GA 30067

Plaintiff's Name, Address, City, State, Zip Code

vs.

Steak N Shake, Inc. c/o Corporation

Service Company, 400 Technology Pkwy S,

Suite 300, Norcross, GA 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Travis J. Little, Esq.

Address: 640 Village Trace NE, Suite 16-A

City, State, Zip Code: Marietta, GA 30067                    Phone No.: (770) 955-3000

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the *Self-Help* Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

4/16/2019 1:20 PM                              LeNora Ponzo, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.     _____
                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**19EV002047**
**4/16/2019 1:20 PM**
**LeNora Ponzo, Clerk**
**Civil Division**

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of FULTON_____ County

| For Clerk Use Only |
|---|
| Date Filed _____ |
| **MM-DD-YYYY** |
| Case Number _____ |

**Plaintiff(s)**
Helton, Margaret

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Steak N Shake, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| ABC Corporations (1-3) | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| John/Jane Does (1-3) | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Little, Travis J._____   **Bar Number** 568411_____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

State Court of Fulton County
**E-FILED**
19EV002047
4/16/2019 1:20 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

MARGARET HELTON,

          Plaintiff,

v.

STEAK N SHAKE, INC.;
ABC CORPORATIONS (1-3); and
JOHN/JANE DOES (1-3),

          Defendants.

CIVIL ACTION FILE NO.:

_____

### PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT STEAK N SHAKE, INC. PURSUANT TO O.C.G.A. §§ 30(b)(6), 30(b)(5), AND 9-11-34

TO:    Steak N Shake, Inc.
        c/o Corporation Service Company
        40 Technology Parkway South, Suite 300
        Norcross, Georgia 30092

PLEASE TAKE NOTICE that, pursuant to O.C.G.A. § 9-11-30(b)(6), the stenographic deposition of Defendant Steak N Shake, Inc. (hereinafter "Defendant") will be taken before a court reporter, or some other person authorized by law to administer oaths, at the offices of The Keener Law Firm; 640 Village Trace, Marietta, Georgia 30067, commencing at 10:00 a.m. on Monday, June 17, 2019, and thereafter by adjournment until the same shall be completed. The deposition(s) will be taken for all purposes permitted by the Civil Practice Act, including cross-examination of an adverse party.

Pursuant to O.C.G.A. § 9-11-30(b)(6), Defendant is required to designate and fully prepare one or more officers, directors, managing agents or other persons regarding the following designated matters and as to such information that is known or reasonably available to the organization as follows:

(a)    The names, ages, and contact information of all of Defendant's employees and managers on site on the date of the subject incident, March 5, 2018;

(b)    The names, ages, and contact information of any of Defendant's employees who mopped or cleaned the floors on the date of the subject incident, March 5, 2018;

(c)    Defendant's safety rules, policies, and procedures in effect on March 5, 2018 for cleaning and mopping the premises and walkways;

(d)    Other alleged slip-and-fall incidents at the subject restaurant involving any allegation of a foreign substance on the floor for five years preceding the date of the subject incident. This specifically includes all incidents, whether involving guests, vendors, employees, or anyone else and includes general liability, workers compensation, and product liability claims; and

(e)    The closed-circuit surveillance system and its coverage and capabilities in the restaurant at issue in this litigation at the time of the subject incident, including the types, locations, and directional aim of the cameras in the subject restaurant, and the manner, method, and ease of archiving all video showing every moment of Plaintiff and her family's visit to the restaurant from start to finish.

Submitted this 16th day of April, 2019.

THE KEENER LAW FIRM


/S/   TRAVIS J. LITTLE
Georgia State Bar No. 568411
*Counsel for Plaintiff*

640 Village Trace NE, Suite 16-A
Marietta, Georgia 30067
Telephone:  (770) 955-3000
Facsimile:  (770) 955-3036
E-Mail: travis@keenerlaw.com

[2]

PLTFDEMAND472

State Court of Fulton County
**E-FILED**
19EV002047
4/16/2019 3:12 PM
LeNora Ponzo, Clerk
Civil Division

TO:        ALL JUDGES, CLERKS OF COURT, COUNSEL OF RECORD
                AND *PRO SE* PARTIES

FROM:     TRAVIS J. LITTLE, ESQ.

DATE:      APRIL 16, 2019

RE:        NOTICE OF LEAVE OF ABSENCE

      COMES NOW Travis J. Little and respectfully notifies all Judges before whom he has cases pending in this court, the Clerk of Court, and all opposing counsel as outlined in **Exhibit A** attached hereto that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1. The periods of leave during which time Applicant will be away from the practice of law are as follows:

   - **July 22, 2019 through July 31, 2019**
   - **August 19, 2019 through September 4, 2019**

   The purposes for said periods of leave are for family vacation and attendance at continuing education seminars.

2. All affected Judges, opposing counsel and *pro se* parties shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

      Respectfully submitted, this 16th day of April, 2019.

                    THE KEENER LAW FIRM

                    /S/   *TRAVIS J. LITTLE*_____
                    Georgia State Bar No. 568411

640 Village Trace NE, Suite 16-A
Marietta, Georgia 30067
Telephone:  (770) 955-3000
Facsimile:  (770) 955-3036

PLTFDEMAND472

**EXHIBIT A**

| | | |
|---|---|---|
| Helton v. Steak N Shake, Inc., et al.<br>Civil Action File No.<br>TBD | Fulton County State Court<br>ATTN: Presiding Judge<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Defendant Steak N Shake, Inc.<br>c/o Corporation Service Company<br>40 Technology Parkway South<br>Suite 300<br>Norcross, GA 30092-2924 |

PLTFDEMAND473

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this date the foregoing *Notice of Leave of Absence* was filed electronically with the Clerk of Court via Odyssey eFileGA, and by U.S. Mail upon all Judges and *pro se* parties as listed in the above-referenced **Exhibit A**.

Submitted this 16th day of April, 2019.

THE KEENER LAW FIRM


/S/   TRAVIS J. LITTLE
Georgia State Bar No. 568411

640 Village Trace NE, Suite 16-A
Marietta, Georgia 30067
Telephone:  (770) 955-3000
Facsimile:  (770) 955-3036

PLTFDEMAND474