# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARGARET HELTON, | |
| Plaintiff, | CIVIL ACTION FILE NO: |
| v. | 1:19-CV-02181-WMR |
| STEAK N SHAKE, INC., ABC CORPORATIONS (1-3) and JOHN/JANE DOES (1-3), | |
| Defendants. | |

## ORDER

This matter comes before the Court on Steak N Shake's ("Defendant") Motion for Summary Judgment. [Doc. 40]. After a consideration of the parties' arguments and all appropriate matters of record, this Court finds that Defendant is entitled to judgment as a matter of law and the Motion for Summary Judgment is **GRANTED**.

### I.     FACTUAL BACKGROUND

On March 5, 2018, Plaintiff slipped and fell at the Steak N Shake restaurant (the "Restaurant") located at 6575 Roswell Road in Sandy Springs, Fulton County, Georgia. [Doc. 1-1 at 2, ¶ 5]. Plaintiff attended the Steak N Shake with her family for lunch. [*Id.* at 4, ¶ 7]. Once they had finished their meals, Plaintiff got up from the table and began walking towards the register at the front of the restaurant to pay the check. [*Id.* at ¶ 8]. On her way to the register, she passed by a yellow wet floor

sign on the ground to her right.[1] Then, after taking approximately three steps, Plaintiff fell to the ground.[2] [*Id.*].

Prior to Plaintiff's fall, a Restaurant employee had mopped certain areas of the dining room floor. There were three yellow caution signs around those areas during that time. Although there was a yellow caution sign in the general vicinity where Plaintiff fell, the video does not specifically show the employee mopping in that space. The video does show several customers and employees of the Restaurant walking over the same area minutes before Plaintiff's fall with no issue.

Plaintiff alleges that she fell because of the Restaurant's wet floors. As a result, Plaintiff suffered injuries, including but not limited to, a fractured pelvis. [Doc. 1-1 at 6, ¶¶ 18-19]. The Complaint was filed on May 14, 2019. [*Id.* at 1].

## II.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party seeking summary judgment has the burden of informing the Court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the nonmovant

---

[1] [Doc. 40-5- Ex. C- Video (Ch. 6, 15:16:58)].

[2] [Doc. 40-5- Ex. C- Video (Ch. 6, 15:17:01-02)].

must present evidence that shows there is a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law. *See id.* at 324. In determining whether a genuine issue of material fact exists to defeat the motion, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1246 (11th Cir. 1999).

"If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Herzog*, 193 F.3d at 1246. A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson*, 477 U.S. at 248. A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the movant is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

Under Georgia law, an owner or occupier of a business is not an insurer of his customers' safety. *See Hudson v. J. H. Harvey Co.,* 244 Ga. App. 479 (2000). Thus, "[t]he mere occurrence of an unfortunate event," such as when a customer slips and

falls on the premises, does not automatically subject a proprietor to liability. *Shortnacy et al. v. North Atlanta Internal Medicine, P.C. et al.*, 252 Ga. App. 321, 325 (2001). Instead, a plaintiff must come forward with "specific facts establishing a breach of duty, as well as the other elements of negligence" and demonstrate that the "proprietor's superior knowledge of a condition…expose[d] the invitee to an unreasonable risk of harm."[3] *Id*. at 325.

Specifically, to hold a defendant liable in a slip and fall case, a plaintiff must prove that the defendant had actual or constructive knowledge of the hazard; then, "the burden of production shifts to the defendant to produce evidence that the plaintiff's injury was caused by his or her own voluntary negligence (intentional disregard of a known risk) or causal negligence (failure to exercise ordinary care for one's personal safety)."[4] *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444-45 (2009). If the defendant is successful on this point, the plaintiff must then establish that "despite exercising ordinary care for his or her own personal safety, [she] lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." *Id.* at 445. Where there is no hazard upon the premises, where

---

[3] *Drew v. Istar Fin., Inc.,* 291 Ga. App. 323, 324-25 (2008).

[4] The plaintiff's evidentiary burden on the second prong "is not shouldered until the defendant establishes negligence on the part of the plaintiff." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (1997).

the defendant has no knowledge of the hazard, or where the plaintiff has equal knowledge of the hazard, the plaintiff's claim fails as a matter of law. *See, e.g., Hart v. Brasstown View Estates, Inc.*, 234 Ga. App. 389, 391 (1998).

### A. Existence of a Hazardous Condition

As a preliminary matter, the Court must determine whether the alleged puddle of "dirty" water on the ground of the Restaurant constituted a hazardous condition. *See Flagstar v. Burch*, 267 Ga. App. 856, 857 (2004)) ("The threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises."). A puddle of water left unattended in the middle of a dining room floor would likely be considered hazardous to patrons eating in the Restaurant. However, simply because a hazard exists does not mean it presents an unreasonable risk of harm. *See id.* (noting that a slippery substance was "not a hazardous condition because it d[id] not present an unreasonable risk of harm.").

Here, because there were caution signs on the ground indicating that the floor may be wet, Defendant may not have created an unreasonable risk of harm. It is possible, however, that a jury could determine that the puddle of water that Plaintiff fell in was unreasonably hazardous because the wet floor sign was farther away from the hazard than it was for the other spots on the floor that had just been mopped.[5]

---

[5] [Doc. 40-5- Ex. C- Video (Ch. 4, 15:07:07)].

Therefore, a genuine dispute of fact may exist on this point, and a jury could reasonably determine that a hazardous condition existed.

### B. Defendant's Knowledge of a Defective Condition

To avoid summary judgment, Plaintiff must also establish under the first prong that Steak N Shake had actual or constructive knowledge of the hazard. *Robinson*, 268 Ga. at 748. Defendant claims that it could not have known that the floor was wet where Plaintiff fell because the Restaurant employee did not mop that area near the cash register. In fact, Defendant points out that the employee in the Restaurant video was mopping other areas of the dining room floor and therefore may not have known that the floor on which Plaintiff slipped was wet.[6] However, because a wet floor sign was placed in the general vicinity where Plaintiff fell, Defendant is "deemed to have actual knowledge of the wet floor" in that area.[7] *Karesh v. Krystal Co.*, No. 1:05-CV-3296-TCB, 2007 WL 9701667, at *3 (N.D. Ga. June 6, 2007). Therefore, it is possible that a jury could find that Defendant had actual knowledge that water was on the floor in that area.

If not actual knowledge, a genuine dispute of fact also may exist as to whether Defendant had constructive knowledge of the hazard. Constructive knowledge can

---

[6] [Doc. 40-5- Ex. C- Video (Ch. 4, 15:07:07)].

[7] [Doc. 40-5- Ex. C- Video (Ch. 6, 15:17:02)] (showing the placement of the wet floor sign in proximity to where Plaintiff fell).

be established either by (1) "evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard," or (2) " evidence that the substance had been on the floor for such a time that…it would have been discovered had the proprietor exercised reasonable care in inspecting its premises, and…upon being discovered, it would have been cleaned up." *Hardee's Food Sys., Inc. v. Green*, 232 Ga. App. 864, 866 (1998). The mere fact that an employee was working in the area is not enough; however, the presence of an employee "in a position to have easily seen and removed the substance" would permit an inference of constructive knowledge. *Id.* at 865.

In the two minutes leading up to Plaintiff's fall, the video reveals that several customers and employees had walked through that same area, including the Restaurant manager.[8] A Restaurant employee had also been mopping the dining room floor, and although Defendant claims that the employee did not mop the specific area where Plaintiff fell, she was clearly in a position to be able to do so and could have inspected for potential hazards, especially considering the fact that a wet floor sign had been placed in that area. Further, Plaintiff testified that the puddle she fell in was composed of "dirty water" that could have been seen from the floor where the employee was mopping. [Doc. 40-7 at 25, 86:9-12; 86:2-3]. Thus, [t]his is not a

---

[8] [Doc. 40-5- Ex. C- Video (Ch. 6, 15:16:02)]; [Doc. 40-6 at 22, 77: 11-17].

case where the undisputed evidence shows that an employee in the immediate vicinity was unable to see the hazard." *Cressman v. Steak N Shake, Inc.*, No. 1:18-CV-1806-MHC, 2019 WL 4804265, at *6 (N.D. Ga. Aug. 2, 2019). Instead, this evidence provides reasonable grounds for a jury to find that the Restaurant knew or should have known that there was a hazardous condition on the floor.

### C. Plaintiff's Knowledge and Care

Nonetheless, Defendant has presented evidence that establishes Plaintiff's equal or superior knowledge of the hazard, thereby precluding her from recovering. Plaintiff had equal knowledge of the risk by being aware of the condition and fully appreciating the danger. *See Davis v. GBR Properties, Inc.*, 233 Ga. App. 550, 552 (1998). Although Georgia law does not require plaintiffs to constantly be on the lookout for hazards not likely to be on the premises,[9] it is reasonable to expect water to be on the floor of a restaurant and to take caution, especially when a wet floor sign is placed nearby. Here, the video reveals that Plaintiff walked directly past the sign before she fell, as it was in her line of sight from the table to the cash register, and it was no more than two or three feet away from her when she fell.[10] Additionally, several other customers walked past the same area, recognizing the

---

[9] *Robinson v. Kroger Co.*, 268 Ga. 735, 741 (1997).

[10] [Doc. 40-5- Ex. C- Video (Ch. 6, 15:15:58; 15:17:02)].

caution sign and proceeding with no issue.[11] Thus, there is no merit to the argument that Plaintiff was distracted by the "angled booths" and was therefore unable to see the sign,[12] as the video makes clear that Plaintiff walked directly past it like the other customers and employees had done just before her.[13]

Because a caution sign's purpose is to warn customers of the potential for wet floors, and since the sign was in Plaintiff's direct line of sight when she walked past it before slipping, her "knowledge of the risk [wa]s clear and palpable." *Brown v. Carlisle*, 214 Ga. App. 483, 484 (1994); *see also Robinson*, 268 Ga. at 748 (noting that "summary judgment is granted only when the evidence is plain, palpable, and undisputed."). Thus, there is no genuine dispute of material fact as to Plaintiff's equal knowledge of the hazard, and Defendant is therefore entitled to judgment as a matter of law.

---

[11] [Doc. 40-5- Ex. C- Video (Ch. 6, 15:15:11-12; 15:16:02)].

[12] [Doc. 40-7 at 23, 79:18-20].

[13] [Doc. 40-5- Ex. C- Video (Ch. 6, 15:15:58)].

## IV.  CONCLUSION

For the reasons above, this Court hereby orders that summary judgment is **GRANTED** in favor of Defendant.

**IT IS SO ORDERED**, this 2nd day of November, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE